IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIO D. REED,

    Petitioner,                    No. CIV S-05-1467 FCD DAD P

    vs.

D.L. RUNNELS, et al.,              ORDER AND

    Respondents.            FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner confined in High Desert State Prison. Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with an application to proceed in forma pauperis. This proceeding has been referred to the undersigned magistrate judge in accordance with Local Rule Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Petitioner's application to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915. Accordingly, petitioner's request for leave to proceed in forma pauperis will be granted.

        Petitioner challenges a judgment of conviction entered in Butte County Superior Court in July 2003. Petitioner requests modification of his sentence and of the restitution fine. Petitioner states that he entered a plea of guilty to residential robbery and received a sentence of sixteen years in state prison. Petitioner did not appeal from the judgment of conviction and did

1

not seek post-conviction relief in any state court prior to the filing of this action.  Petitioner states that this is his first petition and that he did not present this claims to the state courts "because my counsel failed to properly file a Notice of Appeal and I am running late.  I believe that United States District Court has the power to grant this motion."  (Form Pet. at page numbered (4).) Petitioner alleges two grounds for relief:  (1) denial of effective assistance of counsel and (2) prosecutorial misconduct and violation of due process/cruel and unusual punishment.

Petitioner is advised that the exhaustion of state court remedies is a prerequisite to the granting of a federal petition for writ of habeas corpus.  See 28 U.S.C. § 2254(b).  The exhaustion requirement cannot be waived by the district court unless there is an explicit waiver of exhaustion by counsel for the respondents.  See 28 U.S.C. § 2254(b)(3).

In order to satisfy the federal exhaustion requirement, a California state prisoner must fairly present all of his federal claims to the California Supreme Court before he presents the claims to a federal court.  See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 276 (1971); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).  The prisoner must present his claims to the California Supreme Court either on direct appeal or in a state habeas petition that describes the operative facts and the legal theories upon which the claims are based.  Bland v. California Dep't of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994).

The petitioner in this case has not presented any of his claims to the California Supreme Court.  Because petitioner has not exhausted state court remedies on the claims alleged in his federal habeas petition, this court is precluded from granting any relief related to the 2003 Butte County conviction.  This case must be dismissed for failure to exhaust state court remedies prior to filing this habeas action.

Petitioner's case will be dismissed without prejudice.  Petitioner is cautioned, however, that a one-year statute of limitations applies to the filing of non-capital habeas corpus petitions in federal court.  In most cases, the one-year period of limitation begins to run on the

1  date on which the defendant's judgment becomes final by the conclusion of direct review or by
2  the expiration of the defendant's time for seeking direct review, although the statute of
3  limitations may be tolled while a properly filed application for state post-conviction or other
4  collateral review is pending in the state courts.  See 28 U.S.C. § 2244(d).  In the present case, it
5  appears that the one-year period of limitation expired in 2004.  It that is correct, petitioner will be
6  barred from filing a new federal habeas case after exhausting state court remedies, unless he can
7  demonstrate that other provisions of § 2244(d) apply or equitable tolling is warranted.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's July 21, 2005 application for leave to proceed in forma pauperis is granted;

2. The Clerk of the Court is directed to serve a copy of this order and findings and recommendations, together with a copy of the habeas petition filed July 21, 2005, upon the Attorney General of the State of California; and

IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed without prejudice for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  A document containing objections should be titled "Objections to Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 28, 2005.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
reed1467.103

3